IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CASEY BRENT SUTTERFIELD, § <br> Institutional ID No. 81218, § <br> § <br> Plaintiff, § <br> § Civil Action No. 1:18-CV-00206-BU <br> v. § <br> § <br> BRADY HOGUE, *et al.*, § <br> § <br> Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
<u>THE UNITED STATES MAGISTRATE JUDGE</u>**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-326, this civil action was referred to the undersigned United States magistrate judge. The findings, conclusions, and recommendation of the undersigned are as follows:

**I.  BACKGROUND**

Plaintiff Casey Brent Sutterfield ("Sutterfield"), proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 on December 17, 2018. Dkt. No. 1. The Court granted Sutterfield leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). The judicial screening process remains pending in this case. Pursuant to Special Order 3-326, this civil action was reassigned to the undersigned on October 1, 2019. Dkt. No. 12.

In his complaint, Sutterfield alleges that Defendant Brady Houge ("Houge"), a detective at the Abilene Police Department, harassed Sutterfield and his family by "purposely disclosing false statements to coerce and slander [Sutterfield's] character, going so far as to threaten[] my daughter's mother of notifying Child Protective Services if I did not comply, ultimately affecting

1

my parent-child relationship." Dkt. No. 1 at 5. Sutterfield further alleges that Hogue "intentionally and directly lied to a Grand Jury of Taylor County—Abilene, TX, to indict me on 3 separate charges, all of which [Houge] knew to be on false pretenses . . . ." *Id.* at 5–6. In addition to Hogue, Sutterfield names Abilene Police Department Chief of Police Stan Stanridge and Abilene City Manager Robert Hanna as Defendants. *Id*. at 3.

For the reasons stated below, the undersigned recommends that the Court *sua sponte* dismiss without prejudice Sutterfield's complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey an order of this Court.

## II. PRELIMINARY SCREENING

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d

2

232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III.  DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

In the instant case, Sutterfield has failed to comply with the Court's order and this case cannot proceed without Sutterfield's compliance. In an effort to further screen the allegations in his complaint, the Court mailed Sutterfield a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) on June 30, 2020, and ordered Sutterfield to respond within twenty-one days. Dkt. No. 17. The Court's questionnaire was returned to the Clerk's Office from the Taylor County Detention Center as undeliverable mail on July 16, 2020. Dkt. No. 18.

This is the fourth correspondence from the Court to be returned as undeliverable mail within the last nine months. Mail sent to Sutterfield notifying him that this civil action had been reassigned to the undersigned was returned on October 15, 2019. Dkt. No. 13. More recently, the Court mailed Sutterfield a Notice of Availability, asking Sutterfield for his consent to the exercise of jurisdiction by the undersigned, and a copy of the Court's Order for Authenticated Records (Dkt. Nos. 14 and 15), but these filings were returned as undeliverable mail on June 29, 2020. Dkt. No. 16. Sutterfield's failure to supplement his address contravenes instructions provided in the Court's Order granting Sutterfield leave to proceed *in forma pauperis*. In that Order, the Court required Sutterfield to "promptly notify the Court of any change of address by filing a written notice of change of address with the Clerk." Dkt. No. 6 at 2. "Failure to file such notice," the Court warned, "may result in this case being dismissed for want of prosecution." *Id*.

Sutterfield has failed to timely answer the Court's questionnaire or otherwise make any attempt within the last nine months to further prosecute his case; however, dismissal with prejudice is not warranted in this case because it does not appear that Sutterfield took any action or omission to purposeful delay the proceedings or that he acted in a contumacious manner. Instead, the undersigned recommends that the Court *sua sponte* dismiss Sutterfield's complaint without prejudice under Rule 41(b) for failure to prosecute and failure to obey an order of the Court.

## IV.   RECOMMENDATION

For the forgoing reasons, the undersigned recommends that Sutterfield's complaint under 42 U.S.C. § 1983, and all claims alleged therein, be *sua sponte* dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Sutterfield's failure to prosecute and failure to obey an order of this Court.

If, however, within 14 days of the date of this Recommendation, Sutterfield contacts the Court, the Court should refer the case back to the undersigned for further proceedings.

IT IS ORDERED that this case is TRANSFERRED to the docket of Senior United States District Judge Sam R. Cummings.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 17th day of July, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

6